IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TRINOVA, INC.**                                                                               **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO.** 1:24cv284 LG-RPM

**CALGON CARBON CORPORATION AND
O'NEAL CONSTRUCTORS, LLC**                                **DEFENDANTS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant, Calgon Carbon Corporation, ("Defendant" or "Calgon Carbon") files this Notice of Removal and hereby removes the above-captioned action from the Circuit Court of Hancock County, Mississippi to the United States District Court for the Southern District of Mississippi, Southern Division. In support thereof, Defendant states as follows:

1. On July 26, 2024, Plaintiff, Trinova, Inc. ("Plaintiff" or "Trinova") filed its Complaint in the Circuit Court of Hancock County, Mississippi as Civil Action No. A2301-24-0122 (the "State Court Action") against Calgon Carbon. Calgon Carbon was served on August 23, 2024, therefore, removal of this matter is timely pursuant to 28 U.S.C. § 1446. Copies of all process, pleadings, orders, and other papers filed in the State Court Action are attached hereto as composite **Exhibit "A"** and incorporated herein by reference.[1]

2. As set forth herein, removal of this action is authorized pursuant to 28 U.S.C. §§ 1441 and 1446 and this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which confers diversity jurisdiction onto federal courts in cases in which "the matter in controversy

---

[1] In accordance with Local Rule 5(b), Defendant is also filing a certified copy of the entire state court record in this Court within 14 days of this Notice of Removal.

24268268.2

exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between . . . citizens of different States."

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Southern Division, because it is the district and division embracing the location of the state court where this suit was pending.

### Diversity Jurisdiction

4. Diversity of citizenship pursuant to 28 U.S.C. § 1332(a) requires complete diversity between plaintiffs and defendants and an amount in controversy greater than $75,000.00, exclusive of interest and costs. Each of the criteria for diversity jurisdiction is satisfied.

**A. The Parties Are Completely Diverse.**

5. According to its Complaint, and upon information and belief, Plaintiff is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Mobile, Alabama Compl., at ¶ 1. Plaintiff is therefore a citizen of Alabama for the purposes of diversity jurisdiction.

6. Defendant, Calgon Carbon, is incorporated in Delaware with its principal place of business in Moon Township, Pennsylvania. Calgon Carbon is therefore a citizen of Pennsylvania and Delaware for purposes of diversity jurisdiction.

7. Defendant, O'Neal Constructors, LLC, is a South Carolina limited liability company whose sole member is O'Neal, Inc., which is incorporated in South Carolina with its principal place of business in Greenville, South Carolina. Thus, O'Neal Constructors, LLC, is a citizen of South Carolina for purposes of diversity jurisdiction.

8. Because the Plaintiff is not a citizen of the same state as any one Defendant, complete diversity exists, and removal is proper pursuant to 28 U.S.C. § 1441.

**B. The Amount In Controversy Requirement Is Satisfied.**

9. "[R]emoval is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000." *Banger ex rel. Freeman v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 636 (S.D. Miss. 2002). The Court may refer to the types of claims alleged as well as the damages sought when determining whether the amount in controversy exceeds the jurisdictional minimum. *Amos v. CitiFinancial Corp.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003).

10. The Complaint alleges that the total amount owed to Plaintiff is $134,017.65. Compl., at ¶ 10. The Complaint lists the same as the amount Plaintiff seeks to recover. *See generally* Compl.

11. While Calgon Carbon denies the allegations of the Complaint and denies that it is indebted to Plaintiff in any amount, it is clear from the face of the Complaint that the amount in controversy exceeds the threshold for diversity jurisdiction under 28 U.S.C. § 1332.

**C. The Procedural Requirements Have Been Met**

12. This Notice of Removal is timely filed within thirty days after receipt by Calgon Carbon of the Complaint. 28 U.S.C. § 1446(b).

13. Under 28 U.S.C. § 1446(d), Calgon Carbon is serving written notice of removal on Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Hancock County, Mississippi, where the action has been pending.

14. In accordance with 28 U.S.C. § 1446(b)(2)(A), Defendant, Calgon Carbon, has obtained consent for the removal from Defendant, O'Neal Constructors, LLC.  Further, O'Neal Constructors, LLC, by and through its counsel of record, will file such consent with this Court subsequent to the filing of this Notice of Removal.

15. In accordance with the Local Uniform Civil Rules, a completed civil coversheet is being filed contemporaneously with this Notice of Removal.

### Conclusion

The Court has diversity jurisdiction under 28 U.S.C. § 1332(a). By filing this Notice of Removal, Calgon Carbon does not waive any right to assert any defense to which it might be entitled. A copy of this Notice of Removal has been sent to all counsel of record and will be filed with the Clerk of the Circuit Court of Hancock County, Mississippi.

**WHEREFORE**, Defendant, Calgon Carbon Corporation, respectfully requests that the described action pending in the Circuit Court of Hancock County, Mississippi, be removed to this Court.

Respectfully submitted, this the 19th day of September, 2024.

          CALGON CARBON CORPORATION

          BY:  BALCH & BINGHAM LLP

          /s/ *R. Mark Alexander, Jr.*
          Of Counsel

R. MARK ALEXANDER, JR. (MS Bar No. 100748)
MELANIE B. MITCHELL (MS Bar No. 106319)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221

24268268.2

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel of record, do hereby certify that I have this day sent via U.S. Mail a true and correct copy of the above and foregoing pleading to the following counsel of record and to the Hancock County Circuit Court via U.S. Mail, postage pre-paid as follows:

Christopher D. Meyer, Esq.
Burr and Foreman LLP
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
*Attorney for Plaintiff*

David Ellis, Esq.
Mockbee Ellis, PA
Capital Towers, Suite 1820
125 South Congress Street
Jackson, MS  39201
*Attorney for Defendant, O'Neal Constructors, LLC*

Ms. Kendra Necaise
Hancock County Circuit Court
152 Main St., Suite B
Bay St. Louis, MC 39520
*Hancock County Circuit Court Clerk*

This the 19th day of September, 2024.

/s/ *R. Mark Alexander, Jr.*
Of Counsel

24268268.2